Corwin, J.
The questions of statutory dedication, and dedication at common law, and of the right of the plaintiff to take wharfage upon its highways leading to the Ohio river, and of the rights of the defendant, as owner in fee of the soil, have been elaborately argued by counsel; but in our opinion they do not properly arise' in this case. If we concede that the exclusive right of the plaintiff to regulate and control wharfage at the foot of Lawrence street may be maintained, and that in a proper action for that purpose the defendant may be ousted of the rights which' he claims to enjoy, yet it is difficult to perceive upon what principle he may be made liable in an action of assumpsit, where he is in the actual adverse possession of lands, claiming title where the relation of landlord and tenant does not exist, and where no express or implied promise is shown, 4 Ohio, 205 ; 6 Ohio, 371; 14 Ohio, 344.
But, independently of this consideration, there is nothing in the record to show that the defendant has ever received any money for such wharfage as is contemplated and provided for by the ordinance of the city of Cincinnati, the language of the first section of which is as follows:
“ Be it ordained by the city council of Cincinnati, that from and after the tenth day of May, instant, each and every steamboat,
barge, keelboat, and *flatboat which may land or anchor in front and within one hundred feet of any public landing or wharf belonging to, or which may hereafter become the property of said city, shall pay the said city for wharfage the following sums of money,” etc.
Here is no provision made for the collection of wharfage from a *194 ferry boat, and it is not pretended that the defendant has at any time received wharfage from any steamboat, barge, keelboat, or flatboat.
Without touching the question as to how far the city of Cincinnati, in the exercise of her franchises, may hereafter assert and maintain an exclusive right to receive wharfage from any ferry boats landing at the foot of Lawrence street, it is a sufficient answer to this action to say that the moneys received by defendant have been received in the exercise of a right which he claims to exist in himself—a right which, for aught that appears on this record, the plaintiff has never even asserted, and that no express or implied contract by defendant with plaintiff is shown.
We see no error in the judgment of the superior court, and it is therefore affirmed with costs.

Judgment affirmed.